## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LINDA Y. LEONG and MICHAEL LEONG, her spouse and their marital community,<br><br>Appellants,<br><br>v.<br><br>YOHANNES SIUM and JANE DOE SIUM, his spouse, if any, and the marital community comprised thereof,<br><br>Respondents. | No. 81314-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — The Leongs appeal an order granting summary judgment in favor of defendant Sium. They assert material issues of fact exist related to the proper service of process. We affirm.

## FACTS

On October 27, 2016, Yohannes Sium and Linda Leong were involved in an automobile collision in Seattle, Washington. Sium is an attorney with his own law firm in Seattle. Sometime the week of the accident, a receptionist at Sium's firm informed him he had received a call from Michael Leong, Linda's[1] husband. Sium returned Michael's call and discussed the accident.

At the time of the accident, Sium resided at the home of his mother, Nighisti Ghebremeskel, located at 5113 South 232nd Street, Kent, WA 98032. This

---

[1] When referring to the Leongs individually, we use their first names for clarity.

address was listed on his driver's license, which he provided to Linda at the scene of the accident. Since April 15, 2019, Sium has resided at 2815 South Alaska Street, Apt. 201, Seattle, WA 98108. Sium has changed the address on his driver's license to his current address, where he is also registered to vote.

On September 23, 2019, the Leongs filed a summons and complaint suing Sium for alleged injuries arising from the accident. On October 20, 2019, the Leongs attempted to serve Sium with their summons and complaint at 5113 South 232nd Street, Kent, WA 98032. Ghebremeskel answered the door when the process server knocked. The process server requested to leave documents with her, and she refused. He left the documents on her doorstep, and she brought them inside after he left.

That day, Ghebremeskel informed Sium that a man had left some documents for him. She left the country the next day. She did not deliver or provide the documents to Sium. A few weeks later, Sium retrieved the documents from a folder under Ghebremeskel's bed and discovered the summons and complaint.

On October 22, 2019, the Leongs filed a declaration of service. The declaration attested that the process server had personally served a summons, complaint, and case schedule upon Sium on October 20, 2019 at 5113 South 232nd Street, Kent, WA 98032. It provided that service was made upon "Jane Doe, DESCENDANT, CO-RESIDENT, who tried to refuse service by refusing to take documents and did not state reason for refusal. . . . [And she] stated they reside at the defendant's/respondent's usual place of abode listed above." In a

later declaration, Ghebremeskel stated that she informed the process server Sium did not reside at her home. The Leongs never served Sium personally, nor were copies left for him at his home or business addresses.

On February 10, 2020, Sium moved to dismiss the lawsuit as a matter of law for failing to effect sufficient service within the applicable statute of limitations period. In their response, the Leongs argued the motion should be denied because they had served the residence of Sium and his resident mother. On March 17, 2020, the trial court granted Sium's motion.

The Leongs appeal.

DISCUSSION

The Leongs assert that the trial court erred in granting summary judgment in favor of Sium despite the existence of material issues of fact related to proper service of process. They request that the case be remanded back to the trial court for further proceedings.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). All the evidence and reasonable inferences therefrom are considered in a light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995). This court reviews an order on summary judgment de novo. Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 860, 93 P.3d 108 (2004).

We review the sufficiency of service of process de novo. Northwick v. Long, 192 Wn. App. 256, 260, 364 P.3d 1067 (2015). Personal service of the summons

and complaint is required to establish the court's personal jurisdiction over the defendant. CR 4(d)(2); Sutey v. T26 Corp., 13 Wn. App. 2d 737, 748-49, 466 P.3d 1096, review denied, 196 Wn.2d 1026, 476 P.3d 568 (2020).

When a defendant challenges service of process, the plaintiff has the initial burden of proof to establish a prima facie case of proper service. Northwick, 192 Wn. App. at 261. A plaintiff can establish a prima facie case by providing a declaration of a process server, regular in form and substance. Id. Then, the burden shifts to the challenging party to show by clear and convincing evidence that service was improper. Id.

Proper service requires the plaintiff to serve the defendant personally or by leaving a copy of the summons at the defendant's "house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(16). The term "usual place of abode" means "'such center of one's domestic activity that service left with a family member is reasonably calculated to come to one's attention within the statutory period for [the] defendant to appear.'" Northwick, 192 Wn. App. at 262 (alterations in original) (internal quotation marks omitted) (quoting Streeter–Dybdahl v. Nguyet Huynh, 157 Wn. App. 408, 413, 236 P.3d 986 (2010)). While a plaintiff need not exhaust all conceivable means of personal service, the plaintiff is required to make an honest and reasonable effort to find the defendant. Lepeska v. Farley, 67 Wn. App. 548, 554, 833 P.2d 437 (1992).

Here, the parties agree that the Leongs did not personally serve Sium with a copy of the summons and complaint. But, they dispute the location of Sium's

4

abode at the time service was attempted. Therefore, the Leongs must show that the process server completed proper substitute service. The Leongs provided the facially valid declaration of their process server who asserted he had served Sium's coresident and that the coresident had stated it was the defendant's usual place of abode. A facially correct return of service is presumed valid. Woodruff v. Spence, 88 Wn. App. 565, 571, 945 P.2d 745 (1997). So, the Leongs established a prima facie case that service was proper. The burden then shifted to Sium as the party challenging service to demonstrate by clear and convincing evidence that service was improper.

Sium provided a declaration from Ghebremeskel. He also provided his declaration affirming his change of address, including voter registration at his new address. The court differentiated the matter from Northwick, a case in which the defendant failed to rebut the presumption that the plaintiff completed proper service. 192 Wn. App. at 264. The defendant in Northwick provided no personal declaration nor any documentation "highly probative of domestic activity linking him to a different address." Id.

The Leongs acknowledge that the trial court distinguished this matter from Northwick. Still, they argue the case is on point because it dealt with a failure by the recipient of the process to clearly tell the process server the proper location of the defendant. As such, they argue the process server writing in his declaration of service that the Ghebremeskel never told him that Sium resided elsewhere creates an issue of fact. But, Northwick never held that such a statement was required. Id. The Northwick court addressed the credibility of the statements of the person

5

served because his declaration was the defendant's sole evidence that the defendant did not reside at that address at the time of service.  Id.

What Ghebremeskel said to the process server was immaterial to the trial court's decision.  The trial court distinguished Northwick "in light of [the d]efendant having provided a declaration affirming his change of abode address, including voter registration at his new address."  Sium's declaration also attested that he had changed his address with the Department of Licensing.  So, the presumption of proper service was rebutted by documentation highly probative of domestic activity linking Sium to a different address.  See Vukich v. Anderson, 97 Wn. App. 684, 690, 985 P.2d 952 (1999) (evidence in the form of the lease, tenant's statement, bank account, and home purchase at another address was clear and convincing).  Here, the evidence did not turn on the credibility of witnesses.  Sium's address would have been available to a reasonably diligent plaintiff.  Further, the Leongs knew how to contact Sium, having successfully contacted him at his firm the week of the accident.

We hold that Sium has demonstrated with clear and convincing evidence that 5113 South 232nd Street, Kent, WA 98032 was not his usual place of abode at the time of service.

Still the Leongs attempt to argue that service was proper because "[u]ndoubtedly that summons and complaint were forwarded to the defendant and a notice of appearance was thereafter filed."  Sium counters that there is no evidence this occurred and that he instead found the documents on his own.  Defective substitute service is not cured simply by a defendant receiving notice of

the lawsuit. Lepeska, 67 Wn. App. at 552. Nor is such service cured "if the summons is fortuitously delivered" to the defendant. Gerean v. Martin-Joven, 108 Wn. App. 963, 972, 33 P.3d 427 (2001). Whether Ghebremeskel forwarded the summons and complaint or Sium discovered the documents on his own is immaterial.

We hold that the trial court did not err in granting summary judgment in favor of defendant Sium for insufficient service of process.

We affirm.

_Appelwick, J._

WE CONCUR:

_Brunner, J_          _Verellen, J_

7