# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LEWIS E. RANDALL, individually and on behalf of his marital community; MARTHA E. RANDALL, individually and on behalf of her marital community, | No. 81177-1-I |
| | DIVISION ONE |
| Respondents, | UNPUBLISHED OPINION |
| v. | |
| RONALD G. BUSHNELL, individually and on behalf of his marital community; JANE DOE BUSHNELL, individually and on behalf of her marital community; BUSHNELL & ASSOCIATES, CPA, a California corporation, | |
| Appellants. | |

APPELWICK, J. — Bushnell appeals the trial court's denial of his motion to vacate the default judgments against Bushnell & Associates and against he and his spouse. He argues that he was never served. We affirm the trial court's denial of the motion to vacate the judgment against Bushnell & Associates. We remand to the trial court to vacate the judgment against Jane Doe Bushnell.

## FACTS

On March 29, 2011, Lewis and Martha Randall sued Ronald Bushnell, his wife, and accounting firm, Bushnell & Associates CPA, in King County Superior

Citations and pin cites are based on the Westlaw online version of the cited material.

Court. They claimed they contracted with Bushnell to file their taxes but that he did not actually file those taxes for several years.

At the time of the suit, Bushnell lived in St. George, Utah. But, he maintained an accounting practice, Bushnell & Associates, in California with an office at 2055 Grant Road, Suite 200, Los Altos, CA. He flew to his accounting office in California from Utah, through the Las Vegas airport, every Tuesday morning and worked at his California office through Thursday night, then flew back to Utah. While in California, he stayed at his office address. The record does not indicate that his wife made these trips or stayed at the office. Bushnell is the agent for service of process for Bushnell & Associates.

The Randalls made several attempts at serving Bushnell, with varying levels of success. First, on April 5, 2011, a process server served a middle-aged man at the Bushnell & Associates office who refused to give his name. The process server described the man as "45-55 years old, 5'10"-6'0" tall, 200-220 [pounds] with brown hair." Then, on April 8, 2011, a process server served an unidentified man at the Bushnell & Associates office who refused to give his name. On April 22, 2011, a process server served Dianne Radin at 120 Los Gatos Boulevard, Los Gatos, CA.[1] That affidavit identified Radin as a co-resident of the home. Bushnell has an ownership interest in the home, but claims never to have lived there. Bushnell also

---

[1] A previous affidavit of service incorrectly identified Bushnell as the individual served at that address and time. That affidavit described Bushnell as "a white female approx. 40-45 years of age 5'4"-5'6" in height weighing 160-180 [pounds] with red hair." That affidavit was dated April 25, 2011. The corrected affidavit, which is identical except that the person served is listed as "Dianne Radin, co-resident" rather than "Ronald Bushnell, agent for service" is dated June 27, 2011.

claims that Radin has never been an agent for service of process of Bushnell & Associates.

On April 25, 2011, a process server served "Ronald Bushnell" at the Bushnell & Associates office. The affidavit of service does not indicate how the process server determined Bushnell's identity. The process server described Bushnell as "[a] white male approx[imately] 55-65 years of age 5'10"-6'0" in height weighing 200-220 [pounds] with salt & pepper hair."

Bushnell did not answer the complaint. The trial court entered an order of default on June 28, 2011. There are two judgments. The first lists the judgment debtor as Bushnell & Associates. The second lists Ronald G. Bushnell and Jane Doe Bushnell as judgment debtors.

Almost nine years later, on November 19, 2019, Bushnell filed a CR 60(b) motion to vacate the default judgment on the grounds that he had never been served.

In support of his contention that he had not been personally served on April 25, 2011, Bushnell submitted his own declaration that his appearance differed from the description in the affidavit. His affidavit indicated that at the time of the service he was "only 46 years old, weighed approximately 160 pounds, and had dark hair." He also submitted affidavits from him and his wife that he was not in California on April 25, 2011. He submitted flight itineraries showing that he purchased flights out of Las Vegas to San Jose on April 5, 2011 and from San Jose back to Las Vegas on April 19, 2011. He attested to boarding those flights in his affidavit, but

submitted no other evidence to that effect. He argued to the trial court that this evidence proved that he was not in California on April 25, 2011. .

The trial court denied Bushnell's motion to vacate. Regarding the flight itineraries, it found "the flights really only show the flights. We don't know if he sat on them and we don't know even if he was on them, [or] if he was also on other flights." It articulated its reasons for denying the motion:

> I do believe there was service both on Bushnell & Associates and Ronald Bushnell personally given that that's his domicile as well. Frankly, at first I was thinking it was just Bushnell & Associates, but then when I realized it was the same address and that can be an alternative abode because he's there for so many -- much of the time of the year, I think under the alternative services method, I think he's been served.

Bushnell and Bushnell & Associates appeal.

## DISCUSSION

Bushnell argues the trial court erred in denying his motion to vacate the judgment. He argues the judgment was granted without jurisdiction to do so, based on improper service. We will not overturn a trial court's decision on a CR 60(b) motion absent an abuse of discretion. Wright v. B&L Props., Inc., 113 Wn. App. 450, 456, 53 P.3d 1041 (2002). An abuse of discretion means that no reasonable judge would have ruled as the trial court did, or the trial court's decision is based on untenable reasons or grounds. State v. Arredondo, 188 Wn.2d 244, 256, 394 P.3d 348 (2017).

Where, as here, a defendant challenges the sufficiency of service or process, the plaintiff bears the initial burden of making a prima facie showing that service was proper. Northwick v. Long, 192 Wn. App. 256, 261, 364 P.3d 1067 (2015). A plaintiff can make a prima facie case by providing a declaration of a process server, regular in form and substance. Id. The burden then shifts to the defendant to show by clear and convincing evidence that service was irregular. Woodruff v. Spence, 88 Wn. App. 565, 571, 945 P.2d 745 (1997).

RCW 4.28.080(16) generally requires an individual to be served "personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(16) is to be liberally construed to effectuate service and uphold jurisdiction of the court. Sheldon v. Fettig, 129 Wn.2d 601, 609, 919 P.2d 1209 (1996); see also LAWS OF 2015, ch. 52, § 2 (recodifying RCW 4.28.080(15) to (16)). A company can be served through its registered agent. RCW 4.28.080(9).

Here, the Randalls made a prima facie case showing that Bushnell had been personally served on April 25, 2011 by presenting an affidavit of service, regular in form and substance, to that effect. The burden shifted to Bushnell to show by clear and convincing evidence that service was irregular. Bushnell is unable to meet that burden. He submitted only his own affidavit attesting to minor differences in appearance and flight itineraries for flights that would have put him in Utah at the time of the service.[2] But, as the trial court noted, the itineraries are

---

[2] For the first time on appeal, Bushnell asks us to consider various lawsuits against the process server alleging improprieties with service in other cases.

insufficient to prove that Bushnell actually boarded the flights, or that he did not also board other flights that would have put him in California on April 25. The evidence presented by Bushnell is not sufficient to show by clear and convincing evidence that he was not personally served on April 25, 2011. Because he is an agent for service of Bushnell & Associates, service was effectuated on his accounting firm.[3] RCW 4.28.080(9).

The trial court entered findings regarding the Bushnell & Associates office being a second abode for Bushnell. These findings support a conclusion that alternative service was effectuated on Bushnell. However, these findings were unnecessary for jurisdiction over Bushnell since he was served personally.

The record does not prove personal service on Bushnell's spouse. The Randalls have not made a prima facie showing for such service because none of the affidavits of service purport to show that she was served. Instead, the Randalls

---

Bushnell vaguely argued the potential for fraud to the trial court, but did not make the trial court aware of the cases he now asks us to consider. The question before us is whether the trial court abused its discretion in denying Bushnell's motion. B&L Props., 113 Wn. App. at 456. The trial court did not abuse its discretion in failing to consider these cases because Bushnell did not make the trial court aware of them. We do not consider this new evidence on appeal. RAP 9.1, 9.11.

[3] Bushnell argues that if he was served as an agent of Bushnell & Associates, he could not also have been served personally. He claims because he was purportedly served as an agent for Bushnell & Associates, Bushnell & Associates would then have to serve him as an individual, which would be improper because Bushnell & Associates was not qualified to serve him as it was a party to the suit. Service is accomplished when a copy of the summons and complaint is personally given to the defendant by a qualified process server. CR 4(c)-(d); RCW 4.28.080(16). Bushnell cites no authority for the legal fiction that he was not served personally because he was acting as an agent of Bushnell & Associates. RCW 4.28.080(16) is to be liberally construed to effectuate service and uphold jurisdiction of the court. Fettig, 129 Wn.2d at 609; LAWS OF 2015, ch. 52, § 2. We reject Bushnell's argument that he was not personally served.

cite to Brown-Edwards v. Powell, 144 Wn. App. 109, 112, 182 P.3d 441 (2008), for the proposition that "[a]s a matter of law, service on one spouse constitutes substitute service on the other spouse." But, the Powell court made no such finding. Id. at 112. In that case, service on Ms. Powell constituted service on Mr. Powell only because they shared the same abode. Id. Thus, when the summons was left with Ms. Powell at the family abode, it constituted substitute service on Mr. Powell because she was of suitable age and discretion and resided at the abode at the time. Id. Nothing in the record indicates that Bushnell's wife maintains a second abode at the Bushnell & Associates office in California.

In Washington, service upon either spouse can result in a valid judgment against the marital community. Lyzanchuk v. Yakima Ranches Owners Ass'n, 73 Wn. App. 1, 11-12, 866 P.2d 695 (1994). But, this is only under the terms of RCW 26.16.030, which permits either spouse to manage community property. Id. The record indicates that the marital community is domiciled in Utah. The parties have not briefed choice of law principles, whether Washington, California, or Utah statutes would apply, and have not shown as a matter of law that service against Bushnell in California was effective service on his spouse in Utah. Because she was never served, the court did not have jurisdiction to enter judgment against her. Ha v. Signal Elec., Inc., 182 Wn. App. 436, 447, 332 P.3d 991 (2014). The judgment is therefore void against her as an individual. Id.

We affirm the trial court's denial of Bushnell's motion to vacate the judgment against Bushnell & Associates.  We remand to the trial court to vacate the judgment against Jane Doe Bushnell.

_Appelwick, J._

WE CONCUR: