# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DAWIT ASFAHA, a/k/a David Dawit,<br><br>Respondent,<br><br>v.<br><br>ALEXANDRIA TSUKANOVA,<br><br>Appellant. | No. 85766-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Alexandria Tsukanova appeals the superior court's order denying her petition for a protection order and granting Dawit Asfaha's petition for a protection order against her. Tsukanova argues the superior court erred in proceeding with the hearing after she alleged to not have received certain documents, and there was not substantial evidence to support granting Asfaha's petition. Finding no error, we affirm.

I

In April 2022, Besrat Mehari, Asfaha's wife, hired Tsukanova as a tutor to assist with Mehari's graduate studies. Two weeks into the tutoring arrangement, Tsukanova informed Mehari that she was having housing difficulties, and Mehari offered to assist in locating a new accommodation. Asfaha located an apartment for Tsukanova and agreed to pay her security deposit and a portion of her monthly rent. In July 2022, Tsukanova and Mehari had a disagreement regarding payment, and the working relationship deteriorated. Tsukanova demanded additional

compensation from Asfaha and Mehari, and on July 30, 2022, told the couple not to contact her again or she would call the police.

In August 2022, Tsukanova contacted Mehari's school and reported that Mehari had been cheating and plagiarizing her assignments. In November 2022, Asfaha contacted Tsukanova's landlord and requested repayment of the security deposit after Tsukanova moved out.

On February 21, 2023, Tsukanova filed a petition for an antiharassment and stalking protection order against Asfaha, citing Asfaha's contact with her landlord as the reason. The superior court denied Tsukanova's petition. Tsukanova filed an amended petition in which she agreed to be served by e-mail. The superior court denied entering a temporary protection order and set a hearing for March 9, 2023. On March 7, 2023, Asfaha filed a response to the petition, and Asfaha's counsel filed a declaration stating the documents were e-mailed to Tsukanova.

At the March 9, 2023 hearing, Asfaha requested the superior court deny Tsukanova's petition because there was no evidence to support her claims of stalking or unlawful harassment. Asfaha further requested the superior court realign the parties so that Asfaha was the protected person.[1] The superior court

---

[1] RCW 7.105.210 reads,

In proceedings where the petitioner is seeking a domestic violence protection order or an antiharassment protection order, the court may realign the designation of the parties as "petitioner" and "respondent" where the court finds that the original petitioner is the abuser or harasser and the original respondent is the victim of domestic violence or unlawful harassment. The court may issue a temporary protection order in accordance with this chapter until the victim is able to prepare a petition for a protection order in accordance with this chapter.

2

found that Tsukanova did not meet her burden of proof to enter the protection order, and concluded there was sufficient evidence to realign the parties. Tsukanova then alleged she did not receive Asfaha's response, and the following conversation occurred:

> [TSUKANOVA]: May I ask a question, Your Honor?
>
> THE COURT: What question do you have?
>
> [TSUKANOVA]: Where are you seeing this 46 email packet?
>
> [ASFAHA'S COUNSEL]: It was emailed to you, ma'am. That was our response.
>
> [TSUKANOVA]: I did—I did not receive it at any point in time.
>
> THE COURT: All right. Ma'am, hold on a second. I've already called your credibility into question. Before this hearing started, I asked if everybody had received everything. You said yes, I asked if you were ready to go forward, you said yes. At this point in time, I have already had serious concerns about your credibility. I'm denying your petition.
>
> [TSUKANOVA]: Your Honor, I did not understand that's what that meant.
>
> THE COURT: You know, I—frankly, still ma'am, I find that difficult to believe as you stood here and listened to [Asfaha's counsel] argue off of that and at no time did you say to the Court oh no, I didn't review those emails that he just referenced. No, ma'am. No. I don't—I frankly do not believe you.

In its order denying Tsukanova's protection order, the superior court stated, "The court does not find the petitioner credible, in her statements to the court and her written materials." The superior court realigned the parties, denied and dismissed the petition on the merits, and entered a temporary protection order for Asfaha against Tsukanova. Asfaha filed a petition for an antiharassment

3

protection order against Tsukanova. Tsukanova filed a motion to terminate the temporary protection order, alleging she was improperly served with Asfaha's response and thus the "temporary order [was] unlawful." The superior court denied the motion to terminate.

On March 30, 2023, after a hearing on the matter, the superior court issued an antiharassment protection order for Asfaha against Tsukanova for a period of 12 months. The court found that Asfaha "did establish by a preponderance of the evidence the factual [and] legal basis to have this restraining order entered [and] granted against" Tsukanova. The superior court ordered Tsukanova to pay Asfaha's attorney fees. Tsukanova appeals.

II

Tsukanova argues the superior court erred by continuing with the March 9, 2023 hearing despite her protestation that she had not received Asfaha's response. We review courtroom management decisions for an abuse of discretion. In re Marriage of Zigler, 154 Wn. App. 803, 815, 226 P.3d 202 (2010). A court abuses its discretion if it bases its decision on untenable grounds or reasons or if the decision was manifestly unreasonable. Yousoufian v. Office of Ron Sims, 168 Wn.2d 444, 458, 229 P.3d 735 (2010). The superior court did not abuse its discretion here. Tsukanova did not raise this issue, either at the start of the hearing or during Asfaha's argument in which he referenced the materials until the superior court stated it denied her petition. Furthermore, the record shows Tsukanova was served with the documents. In her amended petition for a protection order, Tsukanova agreed to be served by e-mail, and Asfaha's proof of service indicated

4

by declaration that the documents were e-mailed to Tsukanova on March 7, 2023, two days before the March 9, 2023 hearing. Tsukanova confirmed her e-mail address on the record, which was the same e-mail address used for service. A facially correct return of service is presumed valid, and the burden is on the person attacking the service to show that the service was irregular. Woodruff v. Spence, 88 Wn. App. 565, 571, 945 P.2d 745 (1997). Tsukanova made no showing that Asfaha's service was invalid. The trial court did not abuse its discretion in continuing with the hearing.[2]

Tsukanova argues the superior court deprived Tsukanova of her right to counsel by realigning the parties. The superior court may appoint counsel to represent the petitioner for civil protection order hearings, so long as the respondent is represented by counsel. RCW 7.105.240. There is no corresponding statute that allows the superior court to appoint counsel to represent the respondent at a civil protection order hearing. After the parties were realigned, and Tsukanova was designated the respondent, she no longer had a right to counsel. The superior court did not err.

---

[2] Tsukanova further argues the superior court erred when "claims of credibility were used to silence [Tsukanova] when she protested." The superior court found it did not believe that Tsukanova did not receive Asfaha's responsive materials, and the record shows a copy of Asfaha's responsive documents was e-mailed to Tsukanova. Reviewing courts "must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004), abrogated in part on other grounds by Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). "Credibility determinations are for the trier of fact and are not subject to review." Id. at 874.

Tsukanova argues the superior court's order granting Asfaha's protection order was not supported by substantial evidence. Our review is limited to determining whether the superior court's findings are supported by substantial evidence, and if so, whether the findings support the superior court's conclusions of law and judgment. Panorama Vill. Homeowners Ass'n v. Golden Rule Roofing, Inc., 102 Wn. App. 422, 425, 10 P.3d 417 (2000). Substantial evidence exists if the record contains evidence of a sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise. In re Marriage of Fahey, 164 Wn. App. 42, 55, 262 P.3d 128 (2011). A court shall issue an antiharassment protection order if it finds by a preponderance of the evidence "that the petitioner has been subjected to unlawful harassment by the respondent." RCW 7.105.225(1)(f). " 'Unlawful harassment' " means

> A knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is detrimental to such person, and that serves no legitimate or lawful purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

RCW 7.105.010(36)(a). The evidence shows that Tsukanova began demanding additional money from Mehari and Asfaha for work that was not completed, contacted Mehari's school and accused Mehari of cheating, accused Asfaha of stalking her when he contacted her landlord about recovering the security deposit he had paid, and filed an antiharassment order against him as a result. This evidence is sufficient to warrant the superior court's issuance of the protection order.

6

Tsukanova also argues that the superior court erred by (1) not barring Asfaha's attorney from "further in-court abuses," (2) not noting Mehari's alleged perjury, (3) not properly applying contract law, and (4) committing "judicial plagiarism" during the March 30, 2023 hearing by having "no original decision." Tsukanova provides no argument or citation to authority on these claims. We will not consider issues that are not supported by argument or citation to authority. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

III

Asfaha requests an award of attorney fees and costs incurred in defending against this appeal as sanctions under RAP 18.9(a). RAP 18.9(a) authorizes the appellate court to order a party who files a frivolous appeal "to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." "Appropriate sanctions may include, as compensatory damages, an award of attorney fees and costs to the opposing party." Yurtis v. Phipps, 143 Wn. App. 680, 696, 181 P.3d 849 (2008). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007). "An appeal that is affirmed merely because the arguments are rejected is not frivolous." Halvorsen v. Ferguson, 46 Wn. App. 708, 723, 735 P.2d 675 (1986). Further, all doubts as to whether an appeal is frivolous are resolved in favor of the appellant. Lutz Tile,

7

136 Wn. App. at 906. Despite some clearly frivolous arguments, we cannot say the appeal is frivolous as a whole. Tsukanova's argument challenging whether there are sufficient facts to support Asfaha's antiharassment order is reasonably amenable to appeal. We deny Asfaha's request for sanctions.

Affirmed.

Birk, J.

WE CONCUR:

Coburn, J.

Dwyer, J.